IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CR-59-TSE |
| | ) | |
| MANISH SINGH, | ) | Trial: October 20, 2020 |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO PRECLUDE GOVERNMENT FROM INTRODUCING
CERTAIN EXHIBITS PURSUANT TO RULE 1006**

The Defendant has filed a motion to preclude the Government from introducing two summary charts, arguing that the charts characterize the underlying evidence and accordingly do not satisfy the requirements of Federal Rule of Evidence 1006 ("Rule 1006"). On the contrary, the charts summarize the totality of voluminous transactions that would be inconvenient to examine in court, as is required by Rule 1006, and any disagreement about the categorization of the underlying financial records can be addressed through cross-examination, argument, and the jury's access to the underlying bank statements. The Defendant's motion should therefore be denied.

ARGUMENT

> I. *The two charts at issue objectively summarize all of the outflows in the underlying bank records, and accordingly, are appropriately admitted as summary charts under Federal Rule of Evidence 1006.*

The two charts the Defendant seeks to preclude are a pie chart and a table that summarize all of the outflows from the Defendant's Wells Fargo Bank account, which was funded almost

-1-

exclusively with money from the victims.[1]  The Defendant does not dispute that the underlying transactions from the Defendant's bank account are voluminous, or that the charts fully account for all of the money going out of the Defendant's account.  Those are the touchstone criteria for a chart to satisfy the strictures of Federal Rule of Evidence 1006, and they are not in contention here.

Instead, the Defendant takes issue with the grouping of the underlying transactions into certain categories, such as Sanaa Home and Lifestyle ("Sanaa") expenses, "living expenses," "retail," and "payments to others."[2]  But charts with similar categorizations are routinely admitted in fraud cases in the Eastern District of Virginia.  *See*, *e.g.*, *United States v. Mitchell*, 1:19-cr-101 (admitting summary pie charts categorizing payments as "retail/entertainment" and "living expenses"); *United States v. Millender*, 1:16-cr-239 (admitting chart categorizing expenditures as "car expenses," "food, clothing, golf, & other purchases," "other rent payments," and "payments & benefits for family")*; see also, e.g.*, *S.E.C. v. Amazon Nat. Treasures*, 132 F. Appx. 701, 703 (9th Cir. 2005) (admitting summary chart that involved the organization and presentation of voluminous financial records, not the application of interpretive expertise). The admission of

---

[1] The Government is attaching to this motion updated versions of the two summary outflow charts that are the subject of this motion (Exhibits 1 and 2).  The Government is also attaching a summary chart of inflows to the Defendant's Wells Fargo account (Exhibit 3), which it will also seek to admit under Rule 1006, and a demonstrative it will seek to use under Federal Rule of Evidence 611(a) (Exhibit 4).  The Defendant has not expressed any objections to the latter two charts save for the references to www.myfreecams.com, which the Defendant separately addressed in his Motion to Exclude Evidence of Name and Nature of Website, ECF No. 35.

[2] Notably, in the Defendant's Motion to Exclude Evidence of Name and Nature of Website, the Defendant stated that he would not object to the Government offering evidence and exhibits characterizing the Defendant's payments to this website as "unrelated to Sanaa."  *See* ECF No. 35 at 4.

charts such as these allow the Government to present voluminous financial documents to the jury efficiently and expeditiously, without getting bogged down in thousands of individual transactions.

The two cases the Defendant's Motion cites in support of excluding the summary outflow charts are easily distinguished from the summary charts the Government seeks to admit in this case. In *Evans v. Quintiles Transnational Corp.*, 2015 WL 9455580 (D.S.C. 2015), the Court precluded a plaintiff from entering a summary chart on the grounds that the underlying records were not sufficiently voluminous, and the charts, which were prepared by Plaintiff's counsel, included inadmissible hearsay and counsel's own analysis. *See id.* at *11. And the charts in *Allison v. Dolich*, 2018 WL 834919 (D. Or. 2018), contained inadmissible, irrelevant information as well as calculations based on information from outside sources. *See id.* at *11. None of these bases for exclusion are present here.

The only specific objections raised in the Defendant's motion are to the categorization of outflows to the "American Craft Show," "American Craft Counsel," and various travel expenses as "Living Expenses," when they could have been Sanaa business expenses. However, throughout the fraud scheme, the Defendant made detailed written representations to the victims explaining specifically how he would spend their money, and the Government is not aware of any basis to believe that the Defendant told the victims that the money he received from them would go toward the American Craft Show, the American Craft Counsel, or the Defendant's travel, as the Defendant's Motion suggests. *See* ECF No. 55, at 3–4.

> II. *The Defendant can challenge the categorization of the underlying transactions through cross-examination and argument, and the jury will have access to the underlying bank statements to determine how much weight to give the summary charts.*

Moreover, any dispute by the Defendant about the categorization of outflows can be addressed at trial. The FBI forensic accountant who prepared these charts will testify in the

-3-

Government's case-in-chief, and defense counsel will have the opportunity to cross-examine him about his categorization of the outflows. Defense counsel will also be able to argue to the jury in closing that certain expenditures should have been categorized differently. In addition, the Government intends to offer the bank statements for the Defendant's Wells Fargo account into evidence, and the jurors will be free to examine the underlying transactions and make their own assessment of how much weight to give the Government's summary charts. Finally, to the extent defense counsel wishes to bring to the Government's attention any specific transactions which they believe have been miscategorized in the summary outflow charts, the Government is willing to consider making adjustments before trial.

## CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court deny the Defendant's motion to preclude the Government from introducing the two charts summarizing the outflows from the Defendant's bank account under Rule 1006.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:   /s/ Heidi Boutros Gesch
Grace L. Hill
Heidi Boutros Gesch
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
grace.hill@usdoj.gov
heidi.gesch@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic copies to all counsel of record.

Respectfully submitted,

By:   /s/ Heidi Boutros Gesch
Heidi Boutros Gesch
Counsel for the United States