IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:20-cr-59 |
| | ) | |
| MANISH SINGH, | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Defendant Manish Singh's Motion *in Limine* to Exclude Evidence of Name and Nature of Website (Dkt. 35). Defendant moves to exclude evidence of the name and nature of the website where defendant is alleged to have spent the money fraudulently obtained from his investors. The website in question, www.myfreecams.com ("MFC"), is a website featuring live webcam performances by models, typically featuring nudity and sexual activity. Defendant argues that the evidence of the name and nature of the website is inadmissible under the Federal Rules of Evidence Rule 401, 403, and 404(b).

In response, the government stated that it intends to elicit only:

(1) the name of the website; (2) that it is a "livestreaming website," (3) how it is possible to spend money on MFC (i.e., by buying tokens and tipping performers); (4) how MFC-related expenditures can be identified in the Defendant's bank records; (5) the number of MFC-related transactions in those records, and the reason therefor (i.e., the need to avoid MFC's spending caps); and (6) the timing, amounts, and proportion of money fraudulently obtained from the investors that the defendant spent on MFC.

*See* Gov't Opp'n to Def.'s Mot. *in Limine*, Dkt. 49. In reply, defendant indicated that the compromise was mostly satisfactory, but that the website's name could, by itself, cause unfair prejudice. *See* Def. Reply, Dkt. 54.

At a hearing on the Motion on October 16, 2020, the government offered to refer to the website by the acronym "MFC" and stated that it would not elicit testimony about the name or

1

nature of the website other than the acronym and the information described in (2) through (6). The government preserved the right to elicit testimony on the name and nature of the website if the defendant raises the issue. The defendant indicated that the compromise satisfied his concerns regarding the potentially prejudicial impact of the name and nature of the website. Thus, this compromise by the parties renders it unnecessary to reach and decide the issue. It must be noted, however, that events at trial—including unexpected testimony—may require that this be revisited.

Accordingly,

It is hereby **ORDERED** that Defendant's Motion *in Limine* to Exclude Evidence of Name and Nature of Website (Dkt. 35) is **DENIED AS MOOT**.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
October 19, 2020

/s/
T. S. Ellis, III
United States District Judge