**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal Action No. 1:20-cr-59** |
| ) | |
| **MANISH SINGH** ) | |

**ORDER**

On May 10, 2021, at approximately 10:15 a.m., Defendant Manish Singh, unaccompanied by counsel, came to chambers and through the chambers intercom sought permission to deliver a motion. Defendant was not permitted to do so and was informed that all filings must be made with the Clerk's Office. Around this time, Defendant Manish Singh deposited copies of a 15-page Motion for Reconsideration of the May 6, 2021 Order in the filings box at the Clerk's Office.[1] A few minutes later, at 10:34 a.m., Defendant's counsel sent an email to chambers and the government stating that defense counsel did not intend to file anything further in support of the duress defense today. Trial is scheduled to begin May 11, 2021.

Defendant's Motion for Reconsideration of the May 6, 2021 Order will not be docketed. Defendant's counsel, not Defendant, controls decisions related to trial strategy, including "what evidence should be introduced . . . and what pre-trial motions should be filed." *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998); *see also United States v. Rosga*, No. 3:10-cr-170, 2014 WL 7140392, at *4–5 (E.D. Va. Dec. 12, 2014) (denying § 2255 ineffective assistance claim based on defense counsel's decision not to file a motion for reconsideration). Defendant solely has the right to determine whether or not he will testify at trial. Defense counsel controls what motions may be

---

[1] Page 14 of Defendant's Motion for Reconsideration indicates that Defendant has forwarded copies of this 15-page motion to his counsel and the government.

1

filed regarding the admissibility and scope of Defendant's potential trial testimony.[2]

In any event, the Court has reviewed Defendant's Motion for Reconsideration. Nothing in this motion warrants reconsideration of the May 6, 2021 Order on duress. This is so for two reasons. First, Defendant's motion largely mirrors defense counsel's evidentiary proffer on May 6, 2021, which did not come remotely close to establishing the legal standard for duress.[3] Second, Defendant's motion makes further clear that there is no such defense here, as Defendant's motion states that the alleged threats began no earlier than January 2, 2017, a date that is subsequent to the alleged starting point of the fraud. *See* Timeline of Money Received (Dkt. 59-4) (stating that Defendant began misappropriating funds in September 2016); *Dixon v. United States*, 548 U.S. 1, 19 (2006) (Kennedy, J., concurring) ("The claim of duress in most instances depends upon conduct that takes place before the criminal act.").

Alexandria, Virginia
May 10, 2021

/s/
T. S. Ellis, III
United States District Judge

---

[2] Defendant is represented by two capable and experienced attorneys with the Office of the Federal Public Defender and a volunteer lawyer from Cleary Gottlieb Steen & Hamilton LLP.

[3] Because evidence of the alleged blackmail and/or extortion scheme does not come close to establishing the legal standard for duress, this evidence is irrelevant under Rule 402, Fed. R. Evid. and presents a substantial risk of unfair prejudice and juror confusion under Rule 403, Fed. R. Evid. *See United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) (internal citation omitted) ("So long as restrictions on a defendant's right to testify are not arbitrary or disproportionate to the purposes they are designed to serve, a district court will not be held to have abused its direction."); *United States v. Popoca-Anselmo*, 110 F. App'x 331, 331 (4th Cir. 2004) ("Where there is insufficient evidence, as a matter of law, to support an element of the affirmative defense, the defendant can be precluded from presenting any evidence of duress to the jury."); *United States v. Gorham Bey*, 373 F. App'x 394, 396 (4th Cir. 2010) (affirming district court's decision to preclude evidence of duress).

2