# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:20-cr-59 |
| | ) | |
| **MANISH SINGH** | ) | |

## ORDER

On May 13, 2021, prior to the conclusion of the government's case at trial, Defendant, by counsel, stated his desire to pled guilty to Counts 1–6 of the Superseding Indictment.[1] A plea colloquy of Defendant then ensued pursuant to Rule 11, Fed. R. Crim. P. During Defendant's Rule 11 plea colloquy, the Court determined (1) that Defendant's plea of guilty on all counts was knowing and voluntary, (2) that Defendant pled guilty on all counts because he was in fact guilty, and (3) that Defendant understood all the various rights he was relinquishing by pleading guilty on all counts, including his rights to testify and to proceed to the conclusion of trial. Following Defendant's guilty plea, the parties presented argument on whether Defendant must be detained pending sentencing, which is now scheduled to occur on July 30, 2021.

For the reasons stated here and from the bench, Defendant must be detained pending sentencing. The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, commands a district judge to remand a defendant "found guilty of an offense and who is awaiting . . . sentenc[ing] . . . unless [there is] clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of . . . the community." 18 U.S.C. § 3143(a)(1).[2] Here, the Court cannot be satisfied that

---

[1] At the time Defendant's counsel expressed Defendant's desire to plead guilty, the government had elicited testimony from all but one of its trial witnesses.

[2] *See also United States v. Goossens*, 84 F.3d 697, 702 (4th Cir. 1996) (citing 18 U.S.C. § 3143(a)(1)) ("Generally speaking, an individual must be detained following [a] conviction"); *United States v. Colon*, 821 F. App'x 39, 42 (2d Cir. 2020) (vacating district court's order permitting bail pending sentencing); *United States v. McGrann*, 927 F.

1

Defendant is not likely to flee pending sentencing (1) because Defendant failed to appear on the previously scheduled trial date of October 20, 2020,[3] (2) because Defendant failed to appear for his previously scheduled civil trial before Judge Trenga,[4] and (3) because Defendant now faces a substantial guidelines sentence of 37–46 months imprisonment.[5] Accordingly, the Court cannot be satisfied that Defendant is not likely to flee pending sentencing and Defendant must be detained pending his sentencing on July 30, 2021.

Accordingly,

It is hereby **ORDERED** that Defendant is **REMANDED** to the custody of the U.S. Marshals pending his sentencing on July 30, 2021.

It is further **ORDERED** that Defendant's sentencing is scheduled for **July 30, 2021 at 9:00 a.m.**

Alexandria, Virginia
May 14, 2021

/s/
T. S. Ellis, III
United States District Judge

---

Supp.2d 279, 283 (E.D. Va. 2013) (explaining that a defendant is "found guilty" within the meaning of § 3143(a), where, as here, the defendant "has entered a guilty plea but [] has not yet been sentenced.").

[3] *See* Bench Warrant (Dkt. 71); October 26, 2020 Order (Dkt. 72).

[4] *See SANAA Lifestyle Inc., et al. v. Victor Rossi et al.*, No. 19-cv-559 (Dkts. 96, 102).

[5] *See* U.S.S.G. § 2B1.1.